AOR,MEDREQ,REF_DISCOV

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:22-cv-20506-BB**

| | |
|---|---|
| Suarez v. Abbott Laboratories Inc. | Date Filed: 02/18/2022 |
| Assigned to: Judge Beth Bloom | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Alicia M. Otazo-Reyes | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1332 Diversity-Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**Luis A Suarez**
*individually and as legal guardian of A.S., a minor child, and*
*LUIS ALFREDO SUAREZ on behalf of all others similarly*
*situated*

represented by **Ryan Alexander Jurney**
JURNEY & DE LA GRANA, P.A.
782 NW 42 AVE
Suite 428
Miami, FL 33126
305-859-3030
Email: RJURNEY@JDLAWMIAMI.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**B Kristian W. Rasmussen**
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
205-328-2200
Fax: 205-324-7896
Email: krasmussen@cwcd.com
*ATTORNEY TO BE NOTICED*

**Rafael Thomas De La Grana**
Junrey & De La Grana, P.A.
782 NW 42nd Ave
Ste 428
Miami, FL 33126
305-859-3030
Fax: 305-859-3031
Email: rdelagrana@jdlawmiami.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Abbott Laboratories Inc.**

represented by **Peter W. Homer**
Homer Bonner Jacobs, P.A.
1441 Brickell Avenue
Four Seasons Tower Suite 1200
Miami, FL 33131
305-350-5100
Fax: 305-372-2738
Email: PHomer@homerbonner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory J. Trask**
Homer Bonner Jacobs, P.A.
1441 Brickell Avenue
Four Seasons Tower, Suite 1200
Miami, FL 33131
305-350-5100
Fax: 305-372-2738
Email: gtrask@homerbonner.com
*ATTORNEY TO BE NOTICED*

**James F. Hurst**
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
312-862-5230
Email: james.hurst@kirkland.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Glick**
Kirkland & Ellis LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 389-5000
Email: michael.glick@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2022 | 1 | COMPLAINT *Class Action* against Abbott Laboratories Inc.. Filing fees $ 402.00 receipt number AFLSDC-15411980, filed by Luis A Suarez. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s))(De La Grana, Rafael) (Entered: 02/18/2022) |
| 02/18/2022 | 2 | Clerks Notice of Judge Assignment to Senior Judge James Lawrence King.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Melissa Damian is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (amb) (Entered: 02/18/2022) |
| 02/18/2022 | 3 | Summons Issued as to Abbott Laboratories Inc.. (amb) (Entered: 02/18/2022) |
| 02/18/2022 | 4 | NOTICE of Change of Address, Email or Law Firm Name by Rafael Thomas De La Grana (De La Grana, Rafael) (Entered: 02/18/2022) |
| 02/19/2022 | 5 | NOTICE of Change of Address, Email or Law Firm Name by Ryan Alexander Jurney (Jurney, Ryan) (Entered: 02/19/2022) |
| 02/22/2022 | 6 | NOTICE of Filing Proposed Summons(es) *Abbott Laboratories Registered Agent* by Luis A Suarez (De La Grana, Rafael) (Entered: 02/22/2022) |
| 02/22/2022 | 7 | Summons Issued as to Abbott Laboratories Inc.. (amb) (Main Document 7 replaced on 2/22/2022) (amb). (Entered: 02/22/2022) |
| 02/23/2022 | 8 | ORDER OF RECUSAL. Senior Judge James Lawrence King recused. Case reassigned to Judge Beth Bloom for all further proceedings. Signed by Senior Judge James Lawrence King on 2/22/2022. *See attached document for full details.* (vjk) (Entered: 02/23/2022) |
| 02/23/2022 | 9 | Order Requiring Scheduling Report and Certificates of Interested Parties. Signed by Judge Beth Bloom on 2/23/2022. *See attached document for full details.* (ls) (Entered: 02/23/2022) |
| 03/02/2022 | 10 | SUMMONS (Affidavit) Returned Executed on 1 Complaint with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Luis A Suarez. Abbott Laboratories Inc. served on 2/25/2022, response/answer due 3/18/2022. (De La Grana, Rafael) (Entered: 03/02/2022) |
| 03/07/2022 | 11 | Agreed MOTION for Extension of Time to Respond to Class Action Complaint re 1 Complaint by Abbott Laboratories Inc.. Attorney Peter W. Homer added to party Abbott Laboratories Inc.(pty:dft). Responses due by 3/21/2022 (Homer, Peter) (Entered: 03/07/2022) |
| 03/07/2022 | 12 | PAPERLESS ORDER granting 11 Motion for Extension of Time for Abbott to File a Response to the Class Action Complaint by May 2, 2022. Signed by Judge Beth Bloom (BB) (Entered: 03/07/2022) |
| 03/07/2022 |  | Reset Response/Answer Due Deadline: Abbott Laboratories Inc. response/answer due 5/2/2022. (ls)(per DE #12) (Entered: 03/09/2022) |
| 03/18/2022 | 13 | Agreed MOTION for Extension of Time Agreed Motion for Enlargement of Time to File Joint Scheduling Report and Proposed Scheduling Order *Agreed Motion for Enlargement of Time to File Joint Scheduling Report and Proposed Scheduling Order* by Abbott Laboratories Inc.. Responses due by 4/1/2022 (Homer, Peter) (Entered: 03/18/2022) |
| 03/18/2022 | 14 | PAPERLESS ORDER granting ECF No. 13 Motion for Extension of Time. The parties shall file their joint scheduling report and proposed scheduling order **by April 7, 2022**. Signed by Judge Beth Bloom (ta00) (Entered: 03/18/2022) |
| 03/22/2022 | 15 | NOTICE of Attorney Appearance by B Kristian W. Rasmussen on behalf of Luis A Suarez. Attorney B Kristian W. Rasmussen added to party Luis A Suarez(pty:pla). (Rasmussen, B) (Entered: 03/22/2022) |
| 03/23/2022 | 16 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Michael A. Glick. Filing Fee $ 200.00 Receipt # AFLSDC-15500829 by Abbott Laboratories Inc.. Attorney Gregory J. Trask added to party Abbott Laboratories Inc.(pty:dft). Responses due by 4/6/2022 (Trask, Gregory) (Entered: 03/23/2022) |
| 03/23/2022 | 17 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for James F. Hurst. Filing Fee $ 200.00 Receipt # AFLSDC-15500867 by Abbott Laboratories Inc.. Responses due by 4/6/2022 (Trask, Gregory) (Entered: 03/23/2022) |
| 03/23/2022 | 18 | PAPERLESS ORDER granting ECF No. 16 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Michael A. Glick; granting ECF No. 17 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney James F. Hurst. Signed by Judge Beth Bloom (ta00) (Entered: 03/23/2022) |
| 03/24/2022 | 19 | NOTICE of Change of Address, Email or Law Firm Name by B Kristian W. Rasmussen (Rasmussen, B) (Entered: 03/24/2022) |
| 04/07/2022 | 20 | Corporate Disclosure Statement *and Certificate of Interested Parties* by Abbott Laboratories Inc. (Trask, Gregory) (Entered: 04/07/2022) |
| 04/07/2022 | 21 | Joint SCHEDULING REPORT - **Rule 16.1** by Luis A Suarez (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order, # 2 |

| | | |
|---|---|---|
| | | ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS)(De La Grana, Rafael) (Entered: 04/07/2022) |
| 04/08/2022 | 22 | Clerks Notice to Filer re 20 Certificate of Other Affiliates/Corporate Disclosure Statement. **Other Affiliates/Corporate Parents Not Entered**; ERROR **-** The Filer failed to enter all Other Affiliates/Corporate Parents from the Certificate of Other Affiliates/Corporate Disclosure Statement. Filer is instructed to refile their Certificate of Other Affiliates/Corporate Disclosure Statement and enter the missing Other Affiliates/Corp Parents. Note **-** Other Affiliates/Corporate Parents do not appear on the docket sheet. (ls) (Entered: 04/08/2022) |
| 04/11/2022 | 23 | Certificate of Other Affiliates/Corporate Disclosure Statement by Abbott Laboratories Inc. identifying Corporate Parent Abbott Laboratories for Abbott Laboratories Inc. (Trask, Gregory) (Entered: 04/11/2022) |
| 04/13/2022 | 24 | SCHEDULING ORDER: ( Amended Pleadings due by 6/7/2022., Discovery due by 1/10/2023., Expert Discovery due by 1/10/2023., Joinder of Parties due by 6/7/2022., Mediation Deadline 1/24/2023., In Limine Motions due by 2/1/2023., Dispositive Motions due by 2/1/2023., Motions due by 2/1/2023., Pretrial Stipulation due by 4/24/2023., Jury Trial set for 5/8/2023 09:00 AM in Miami Division before Judge Beth Bloom., Calendar Call set for 5/2/2023 01:45 PM in Miami Division before Judge Beth Bloom.), ORDER REFERRING CASE to Mediation., and ORDER REFERRING CASE to Magistrate Judge Alicia M. Otazo-Reyes for Discovery Matters. Signed by Judge Beth Bloom on 4/8/2022. *See attached document for full details.* (ls)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 04/13/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/14/2022 12:12:11 | | |
| **PACER Login:** | aw0389 | **Client Code:** | infant formula recall |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-20506-BB |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

LUIS ALFREDO SUAREZ, individually and
as legal guardian of A.S., a minor child, and
LUIS ALFREDO SUAREZ on behalf of all
others similarly situated,

Plaintiffs,

v.

ABBOTT LABORATORIES INC.,

Defendant.

_____/

CASE NO.: _____

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiffs LUIS ALFREDO SUAREZ individually and as the legal guardian of A.S., a minor

child, and on behalf of all others similarly situated (the "Class," as defined below), on personal

knowledge with respect to facts pertaining to them and upon information and belief as to other

matters, bring this class action complaint against Defendant, ABBOTT LABORATORIES INC,

and allege:

### I. JURISDICTION & VENUE

1. This action is brought in federal court under 28 U.S.C. § 1332, Diversity of

Citizenship. Complete diversity of citizenship exists between the Plaintiffs and the Defendant.

Damages in this action exceed $75,000.

- 1 -

2. Venue is proper in this district as a substantial part of the events, actions, or omissions giving rise to Plaintiffs' causes of action, including the ingestion of tainted infant formula occurred in the Southern District of Florida.

3. Plaintiff is a citizen of Miami-Dade, Florida.

4. Defendant, Abbott Laboratories Inc is a Delaware corporation with a principal place of business in Abbott Park, Lake County, Illinois, and registered in Florida as a foreign profit corporation.

5. Defendant transacts business within this District through sale of infant formula within this District, at grocery stores, drug stores, big box stores, membership stores, and online, sold directly to the citizens of this District.

## II. FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates, and realleges, each and every allegation contained in this complaint with the same force and effect as if fully set forth herein.

7. Abbott Laboratories Inc., ("Defendant") manufactures, labels, markets, and sells infant formula under the Similac, Alimentum, and Elecare brands.

8. On February 17, 2022, the U.S. Food and Drug Administration ("FDA") announced it was investigating consumer complaints of Cronobacter and Salmonella infections related to ingestion of Similac, Alimentum and EleCare.

9. Specifically, the FDA announced it was: "investigating consumer complaints of Cronobacter *sakazakii* and Salmonella Newport infections. All of the cases are reported to have consumed powdered infant formula produced from Abbott Nutrition's Sturgis, Michigan facility. As a result of the ongoing investigation, along with the U.S. Centers for Disease

- 2 -

Control and Prevention and state and local partners, the FDA is alerting consumers to avoid purchasing or using certain powdered infant formula products produced at this facility. This is an ongoing investigation, and the firm is working with the FDA to initiate a voluntary recall of the potentially affected product."[1]

10. The FDA news release further advised consumers should "not use Similac, Alimentum, or EleCare powdered infant formulas if:

- the first two digits of the code are 22 through 37; and

- the code on the container contains K8, SH or Z2; and

- the expiration date is 4-1-2022 (APR 2022) or later." *Id.*

11. The FDA news release also advised it was "investigating complaints of four infant illnesses from three states. All four cases related to these complaints were hospitalized and *Cronobacter* may have contributed to a death in one case. The FDA has initiated an onsite inspection at the facility. Findings to date include several positive *Cronobacter sakazakii* results from environmental samples taken by the FDA and adverse inspectional observations by the FDA investigators. A review of the firm's internal records also indicate environmental contamination with *Cronobacter sakazakii* and the firm's destruction of product due to the presence of *Cronobacter*." *Id.*

12. FDA Deputy Commissioner for Food Policy and Response, Frank Yiannas, expressed concern over the infant food contamination noting "As this is a product used as the

---

[1] News Release, Food & Drug Administration, FDA Warns Consumers Not to Use Certain Powdered Infant Formula Produced in Abbott Nutrition's Facility in Sturgis, Michigan (Feb. 17, 2022), https://www.fda.gov/news-events/press-announcements/fda-warns-consumers-not-use-certain-powdered-infant-formula-produced-abbott-nutritions-facility.

- 3 -

sole source of nutrition for many of our nation's newborns and infants, the FDA is deeply concerned about these reports of bacterial infections." *Id.*

13.     Cronobacter bacteria can cause severe, life-threatening infections (sepsis) or meningitis (an inflammation of the membranes that protect the brain and spine). Symptoms of sepsis and meningitis may include poor feeding, irritability, temperature changes, jaundice (yellow skin and whites of the eyes), grunting breaths and abnormal movements. Cronobacter infection may also cause bowel damage and may spread through the blood to other parts of the body.

14.     Salmonella are a group of bacteria that can cause gastrointestinal illness and fever called salmonellosis. Most people with salmonellosis develop diarrhea, fever and abdominal cramps. More severe cases of salmonellosis may include a high fever, aches, headaches, lethargy, a rash, blood in the urine or stool, and in some cases, may become fatal.

15.      On or about January 30, 2022, Plaintiff Luis Suarez purchased Alimentum for his daughter A.S. at CVS.

16.     At least one of the infant formula containers purchased by Suarez had lot numbers matching the tainted lots identified by the FDA news advisory (27943Z26 with a use by date of April 1, 2024).

17.     A.S. consumed the tainted infant formula.

18.     On or about February 8, 2022, Infant A.S. began developing symptoms of gastrointestinal distress including: overwhelming diarrhea (in excess of 10 times a day); abdominal pain; severe diaper rash with blisters and blood; dehydration; sleeplessness; and other pain and injuries.

19.     Infant A.S.'s illness was caused by the consumption of the tainted Alimentum.

- 4 -

20. To date, AS continues to suffer gastrointestinal and bowel problems as well as other pains and injuries.

21. Plaintiff incurred and will continue to incur medical expenses, has suffered and will continue to suffer pain, loss of enjoyment of life, emotional distress, and medical problems in the future as a direct and proximate result of her ingestion of the contaminated infant formula.

### III.     CLASS ACTION ALLEGATIONS

22. Plaintiffs on behalf of themselves and all Class members, seek damages, multiplied as provided by law against Abbott Laboratories Inc.

23. Plaintiffs bring this action on behalf of themselves and, under Fed. R. Civ. P. 23(a) and (b)(1)(A) and (b)(3), as representative of a class of persons who are asserting claims for personal injuries against Abbott Laboratories Inc., caused by the consumption of tainted Similac, Alimentum, and/or EleCare infant formula.

24. Excluded from the class are:

   a. Defendants and their officers, directors, management, employees, subsidiaries, or affiliates;

   b. All federal governmental entities;

   c. All states (and sub-units of government and their entities) that, by law, preclude their participation as plaintiffs in private class action litigation;

   d. The judges in this case and any members of their immediate families.

25. Common questions of law or fact predominate and include:

- 5 -

JURNEY & DE LA GRANA, P.A.

782 NW 42ND AVE., SUITE 428, MIAMI, FL 33126 • PHONE: (305) 859-3030• FAX: (305) 859-3031

    a.   whether Defendant sold the tainted infant formula, that was unreasonably dangerous to consumers such as Plaintiff and members of the Class.

    b.   Whether Defendant failed to adequately warn the Plaintiffs and the Class of the health danger and/or hazard with respect to the tainted infant formula.

    c.   Whether the Plaintiffs and members of the class have suffered damages as a result of ingesting the tainted infant formula.

26.    Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same tainted product and injured by its consumption.

27.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the Class.

28.    No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

29.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

30.    Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweigh potential difficulties in management of this class action.

JURNEY & DE LA GRANA, P.A.

782 NW 42ND AVE., SUITE 428, MIAMI, FL 33126 · PHONE: (305) 859-3030· FAX: (305) 859-3031

31. Plaintiffs know of no special difficulty to be encountered in the maintenance of this action that would preclude litigating it as a class action.

## COUNT I: PRODUCTS LIABILITY/STRICT LIABILITY

32. The Plaintiffs, by and through their undersigned counsel hereby sue the Defendant, Abbott Laboratories Inc., for strict liability and repeats, reiterates, and realleges, each and every allegation contained in this complaint with the same force and effect as if fully set forth herein.

33. The Defendant was at all times relevant the manufacturer and seller of the adulterated product that is the subject of this action.

34. The adulterated product that Defendant manufactured, distributed, and/or sold was, at the time it left the Defendant's control, defective and unreasonably dangerous for its ordinary and expected use because it contained a deadly pathogen.

35. The adulterated product that Defendant manufactured, distributed, and/or sold was delivered to Plaintiffs without any change to its defective condition. The adulterated product that Defendant manufactured, distributed, and/or sold was used in the manner expected and intended, and was consumed by the Plaintiffs and members of the Class.

36. The Defendant owed the Plaintiffs a duty of care to design, manufacture, and/or sell formula that was not adulterated, that was fit for human consumption, that was reasonably safe in construction, and that was free pathogenic bacteria or other substances injurious to human health. Defendant breached that duty.

JURNEY & DE LA GRANA, P.A.

782 NW 42ND AVE., SUITE 428, MIAMI, FL 33126 · PHONE: (305) 859-3030· FAX: (305) 859-3031

37.     The Defendant owed the Plaintiffs a duty of care to design, prepare, serve, and sell infant formula that is fit for human consumption, and that is safe to the extent contemplated by a reasonable consumer. Defendant breached that duty.

38.     As an actual and proximate cause of the hazardous and/or dangerous effects of the defective and unreasonably dangerous condition of the adulterated food product that the Defendant manufactured, distributed, and/or sold, the Plaintiffs and Class Members have suffered economic and non-economic damages.

## COUNT II: BREACH OF WARRANTY

39.     The Plaintiffs, by and through their undersigned counsel hereby sue the Defendant, Abbott Laboratories Inc., for breach of warranty and repeats, reiterates, and realleges, each and every allegation contained in this complaint with the same force and effect as if fully set forth herein.

40.     The Defendant is liable to the Plaintiffs for breaching express and implied warranties that it made regarding the adulterated product that the plaintiffs purchased. These express and implied warranties included the implied warranties of merchantability and or fitness for a particular use specifically defendant expressly warranted, through its sale of food to the public and by the statements and conduct of its employees and agents, that the formula it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

41.     Plaintiffs allege that the contaminated formula that Defendant sold to Plaintiffs would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

- 8 -

42.     Plaintiffs allege that the contaminated formula that the Defendant sold to plaintiffs was not fit for the uses and purposes intended (i.e., human consumption) and that this product was therefore in breach of the implied warranty of fitness for its intended use.

43.     As a direct and proximate cause of Defendant's breach of warranties, as set forth above, the Plaintiffs sustained injuries and damages in an amount to be determined at trial.

### COUNT III: NEGLIGENCE

44.     The Plaintiffs, by and through their undersigned counsel hereby sue the Defendant, Abbott Laboratories Inc., for Negligence and repeat, reiterate, and reallege, each and every allegation contained in this complaint with the same force and effect as if fully set forth herein.

45.     The Defendant owed a duty to the Plaintiffs to use reasonable care in the manufacturing, distribution, and sale of its food product, which duty would have prevented or eliminated the risk that the Defendant's food products would become contaminated with a dangerous pathogen. The defendant breached this duty.

46.     The defendant had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacturer, distribution, storage, and sale of its food product, but failed to do so, and was therefore negligent. The Plaintiffs are among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provisions pertaining to the manufacturing, distribution, storage, and sale of similar products.

47.     The Defendant had a duty to properly supervise, train, and monitor its respective employees, and to ensure their compliance with all applicable statutes, laws, regulations, or

JURNEY & DE LA GRANA, P.A.

782 NW 42ND AVE., SUITE 428, MIAMI, FL 33126 ▪ PHONE: (305) 859-3030▪ FAX: (305) 859-3031

safety codes pertaining to the manufacturing, distribution, storage, and sale of similar food products, but it failed to do so and was therefore negligent.

48.     The Defendant had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption, but it failed to do so and was therefore negligent.

49.     As an actual and proximate cause of the hazardous and or dangerous effects of the defective and unreasonably dangerous condition of the adulterated food product that the defendant sold, the plaintiffs and class members have suffered economic and non economic damages.

## IV.     PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court:

a.  Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1)(A) and (b)(3), and direct that reasonable notice of this action, as provided by Fed. R. Civ. P. 23(c)(2), be given to the Class and declare the Plaintiffs the representatives of the Class;

b.  Enter judgment against each Defendant in favor of Plaintiffs and the Class;

c.  Award to Plaintiffs and the Class damages (and multiple damages as provided by law) in amounts to be determined at trial;

JURNEY & DE LA GRANA, P.A.
782 NW 42ND AVE., SUITE 428, MIAMI, FL 33126 • PHONE: (305) 859-3030• FAX: (305) 859-3031

d.  Award to Plaintiffs and the Class their costs of suit, including reasonable attorneys' fees as provided by law;

e.  Grant such other further relief as is necessary to correct for effects caused by Defendant's conduct, as the Court deems just.

## V.  JURY DEMAND

50.  Pursuant to Fed. Civ. P. 38, Plaintiffs on behalf of themselves and the proposed Class demand a trial by jury on all issues so triable.

DATED this 18 day of February, 2022.

JURNEY & DE LA GRANA, P.A.,
*Attorneys for Plaintiff*
782 NW 42nd Avenue, Suite 428
Miami, FL 33126
Telephone:    (305) 859-3030
Facsimile:    (305) 859-3031

By:___*/s/ Rafael De La Grana*_____
    RAFAEL T. DE LA GRANA, ESQ.
    Florida Bar No. 93567
    Primary: *rdelagrana@jdlawmiami.com*
    Secondary:*info@jdlawmiami.com*

By:___*/s/ Ryan A. Jurney*_____
    RYAN A. JURNEY, ESQ.
    Florida Bar No. 93223
    Primary: *rjurney@jdlawmiami.com*
    Secondary:*info@jdlawmiami.com*

- 11 -